(6 Misc. Rep. 524.)

### In re METCALFE'S ESTATE.

### In re DAWBORN.

(Surrogate's Court, Westchester County. January, 1894.)

WILLS—LIFE ESTATE.
> Testatrix devised to her husband, who was also executor of the will, "the use of all my property, both personal and real," and also provided that "I wish my property to be equally divided between my nephew and nieces," naming them. *Held*, that the executor took a life estate only, with remainder to the nephew and nieces.

Application by Robert H. M. Dawborn to compel George Metcalfe, as executor of Cornelia A. Metcalfe, deceased, to account. Granted.

First clause of testator's will is as follows:

"First, after my lawful debts are paid, I give to my husband, George Metcalfe, the use of all my property, both real and personal. At the death of my husband, George Metcalfe, I wish my property to be equally divided between my nephew and nieces,—Robert Hugh Mackay Dawborn, residing in New York city, Mary Waring Mead, residing in Greenwich, Connecticut, and Cornelia Dawborn Peck, residing in Greenwich, Connecticut."

Charles J. Banks, for petitioner.
D. J. M. O'Callaghan, for executor.

COFFIN, S. It is well settled that the surrogate has jurisdiction to construe a will on accounting, and this is such a proceeding. The will gives the use of all the property, real and personal, to the husband, in effect, for life. It does not, either in terms or by fair inference, give him the property, but only its use. It does not "leave"

it to him, to be enjoyed by him for his sole use and benefit, as in the case of Campbell v. Beaumont, 91 N. Y. 464, cited by the executor's counsel, nor can we anywhere gather from the will any such intention. It cannot be pretended that the title to the farm would pass under the provision for its "use," and the word embraces, and is applied to, both kinds of property. If it will not pass the title to the farm, how can it be held that it does so as to the personalty? Can we so construe it as to give it a double meaning? Evidently, it was used in a single and ordinary sense. The word "wish," as used in the following sentence, making a final disposition after the death of the husband, is sometimes construed as a mere precatory word, and sometimes as equivalent to the words "will" or "direct." Here it appears to me to have been employed in the sense of the latter word. It is accordingly determined that the executor has a life estate only, with remainder to the nephew and nieces. This appears to have been the intention of the testatrix as gathered from the will, which was drawn by herself.

The right to use the implements and machinery on the farm in conducting farming operations by the husband is a question for subsequent consideration. It must therefore be held that sufficient cause has not been shown why the executor should not file his account, and the further order provided by statute in such case may now be entered. Ordered accordingly.